# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 9:06CR46(2)

United States of America

v.

Andrea Denise Duckett
          Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed February 15, 2011, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

Defendant was sentenced on March 2, 2007, before The Honorable Ron Clark, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession with intent to distribute 5 grams or more of cocaine base, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 23 and a criminal history category of I, was 46 to 57 months. Defendant was subsequently sentenced to 46 months imprisonment followed by 3 years supervised release. On November 7, 2008, the Court granted an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) which reduced the term of imprisonment to 37 months, subject to the standard conditions of release, plus special conditions to include providing the probation officer with access to any requested financial information for purposes of monitoring her efforts to obtain and maintain lawful employment. In addition, defendant was ordered to participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer, and a $100 special assessment.

## II. The Period of Supervision

On June 12, 2009, defendant completed her period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on February 15, 2011. The petition alleges that defendant violated the following conditions of release:

1. Mandatory Condition: Defendant shall not illegally possess a controlled substance.

2. Mandatory Condition: Defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

3. Standard Condition: Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. Standard Condition: Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

5. Special Condition: Defendant shall be prohibited from consuming alcoholic beverages for the remainder of the supervision term.

As grounds, the petition alleges that: 1. defendant possessed cocaine by said drug use on November 18, 2009, December 7, 2009, November 22, 2010, and January 12, 2011; 2. defendant submitted urine specimens which tested positive for cocaine on November 18, 2009, December 7, 2009, and November 22, 2010. In addition, defendant signed an admission to using cocaine on or about January 12, 2011; 3. defendant signed an admission from acknowledging that she failed to answer truthfully all inquiries by the probation officer when initially questioned about her cocaine use on or about January 12, 2011; 4. defendant submitted urine specimens which tested positive for cocaine on November 18,

2009, December 7, 2009, and November 22, 2010. In addition, defendant signed an admission to using cocaine on or about January 12, 2011; 5. defendant was issued a written reprimand on August 2, 2010, acknowledging that she confessed to drinking beer on July 27, 2010.

## IV. Proceedings

On March 8, 2011, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant agreed to plead "true" to the allegation that she violated a mandatory condition of supervised release by failing to refrain from the unlawful use of a controlled substance. In exchange for defendant's plea of "true," the government agreed to decline to proceed with remaining alleged violations of supervised release conditions. Further, the parties agreed that the court should revoke defendant's supervised release and impose 5 months imprisonment, with no term of supervised release thereafter.

At the revocation hearing, defendant pled "true" to the allegation that she violated a mandatory condition of supervised release by failing to refrain from the unlawful use of a controlled substance.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in

such term of supervised release without credit for time previously served on post-release supervision, if the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release. The original offense of conviction was a Class B felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is 3 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to refrain from the unlawful use of a controlled substance, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case, a revocation of supervised release based on a Grade C violation and a criminal history category of I, the guideline imprisonment range is 3 to 9 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

Defendant pled "true" to the allegation that she violated a mandatory condition of supervised release by failing to refrain from the unlawful use of a controlled substance. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), the undersigned finds that defendant violated conditions of supervised release by failing to refrain from the unlawful use of a controlled substance.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). Defendant's violation is a Grade C violation, and defendant's criminal history category is I. Policy guidelines suggest 3 to 9 months imprisonment upon revocation. Defendant has demonstrated an inability to adhere to conditions of supervision. Defendant did not comply with the conditions of her supervision by failing to refrain from the unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to refrain from the unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of 5 months.

4. Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. Defendant waived her right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __9__ day of March, 2011.

_____
Earl S. Hines
United States Magistrate Judge